**BROWN KWON & LAM LLP**
William Brown, Esq. (WB6828)
275 7th Avenue, Suite 701
New York, NY 10001
Tel.: (718) 971-0326
Fax: (718) 795-1642
wbrown@bkllawyers.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LUIS ALCALA, *on behalf of himself and others similarly situated*, <br><br> **Plaintiff,** <br><br> - against - <br><br> **FAREPORTAL INC. and SHAILESH JAIN.** <br><br> **Defendants.** | **Case No:** <br><br> **CLASS AND COLLECTIVE ACTION COMPLAINT** |

Plaintiff LUIS ALCALA ("Plaintiff"), individually and on behalf of all others similarly situated, upon personal knowledge as to himself, and upon information and belief as to other matters, by and through his undersigned attorneys, hereby files this Class and Collective Action Complaint against Defendants, FAREPORTAL INC., (hereinafter, "Corporate Defendant" or "Fareportal"), and SHAILESH JAIN (hereinafter, "Individual Defendants," and together with Corporate Defendant, "Defendants") and alleges as follows:

## INTRODUCTION

1. Plaintiff brings this action on behalf of himself and similarly situated workers who elect to opt in to this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and specifically, the collective action provision of 29 U.S.C. § 216(b), seeking from Defendants: (1) unpaid overtime wages, (2) liquidated damages, and (3) attorneys' fees and costs.

1

2. Plaintiff also brings this action on behalf of himself and similarly situated workers pursuant to the New York Labor Law ("NYLL") Article 6, §§ 190 *et seq.*, and Article 19, §§ 650 *et seq.*, the supporting New York State Department of Labor Regulations, and the Federal Rule of Civil Procedure 23 ("Rule 23"), seeking from Defendants: (1) unpaid wages due to time shaving (2) unpaid overtime wages, (3) liquidated damages, (4) stautory penalties, (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337.

4. This Court also has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

5. This Court has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

6. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## PARTIES

*Plaintiff*

*LUIS ALCALA*

7. Plaintiff is an adult who resides in Kings County, New York.

8. Plaintiff was a covered employee within the meaning of the FLSA and NYLL.

9. Plaintiff retained Brown, Kwon & Lam LLP to represent Plaintiff in this action and has agreed to pay the firm a reasonable fee for its services.

*Defendants*

10. At all relevant times the Corporate Defendant owned and operated a number of travel related websites including Cheapoair.com, onetravel.com, royalscenic.com, and dctflights.co.uk (Duke's Court Travel) (the "Travel Websites").

11. At all relevant times, Defendants owned and operated the Travel Websites as a single integrated enterprise. Specifically, Defendants had a common business purpose, shared common ownership and management, shared office and administrative staff, used the same office space, engaged in interrelated operations, and have centralized control of labor relations.

12. At all relevant times, employees and equipment were interchangeable and freely transferred among the Travel Websites.

13. At all relevant times, the Travel Websites were operated under the same wage and hour policies established by Individual Defendants.

14. At all relevant times, Defendants jointly employed Plaintiff and similarly situated employees.

15. At all relevant times, each Defendant had substantial control over Plaintiff's and similarly situated employees' working conditions, and over the unlawful policies and practices alleged herein.

16. At all relevant times, Defendants were and continue to be employers within the meaning of the FLSA and NYLL.

*FAREPORTAL INC.*

17. Corporate Defendant FAREPORTAL INC. is a domestic business corporation organized under the laws of the State of New York with a principal place of business and address for service of process located at 137 West 25th Street, 11th Floor, New York, NY 10001.

3

18. At all relevant times, FAREPORTAL INC. had an annual dollar volume of sales in excess of $500,000.

19. FAREPORTAL INC. is a covered employer within the meaning of the FLSA and NYLL, and, at all relevant times, has employed Plaintiff and similarly situated employees.

20. At all relevant times, FAREPORTAL INC. has maintained control, oversight, and direction over Plaintiff and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other employment practices.

21. FAREPORTAL INC. applies the same employment policies, practices and procedures to all non-exempt employees of Fareportal.

22. FAREPORTAL, INC is listed as the payor on pay stubs received by employees of Fareportal.

### *SHAILESH JAIN*

23. At all relevant times, SHAILESH JAIN has been the Chief Executive Officer of Fareportal Inc., and has been a principal of the Corporate Defendant.

24. At all relevant times, SHAILESH JAIN has had the power to (i) fire and hire employees, (ii) set their work schedules, (iii) determine their rate and method of pay, and (iv) otherwise control the terms and conditions of their employment at Fareportal.

25. At all relevant times, SHAILESH JAIN has had the power to hire, fire, supervise, and control the employment terms and conditions of the managers and/or supervisors of Plaintiff and similarly situated employees at Fareportal.

26. At all relevant times, SHAILESH JAIN has had the power to maintain employment records, including time and/or wage records of Fareportal employees.

27. At all relevant times, SHAILESH JAIN has been actively involved in managing the day to day operations and therefore had "operational control" of the Corporate Defendant.

28. At all relevant times, SHAILESH JAIN has had authority over personnel or payroll decisions and employment policies, practices and procedures for Fareportal.

29. At all relevant times, SHAILESH JAIN has had the power to prevent or stop any unlawful pay practices that harmed Plaintiff and similarly situated employees.

30. SHAILESH JAIN is a covered employer within the meaning of the FLSA and NYLL, and, at all relevant times, has employed Plaintiff and similarly situated employees.

## FLSA COLLECTIVE ACTION ALLEGATIONS

31. Plaintiff brings the First Cause of Action, the FLSA claims, on behalf of himself and all similarly situated current and former non-exempt employees employed by Fareportal from the date that is six (6) years prior to the filing of this Class and Collective Action Complaint until the date of final judgment in this matter, and who elect to opt-in to this action ("FLSA Collective Members").

32. At all relevant times, Plaintiff and FLSA Collective Members are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' common policies, practices, procedures and patterns with regards to their compensation, including their willful and repeated failure to pay Plaintiff and FLSA Collective Members the overtime wages for all hours worked in excess of forty (40) per workweek. Plaintiff's claims stated herein are essentially the same as those of the other FLSA Collective Members.

33. All of the work that Plaintiff and FLSA Collective Members have performed have been assigned by Defendants, and/or Defendants have been aware of all of the work that Plaintiff and FLSA Collective Members have performed.

34. Defendants are aware or should have been aware that federal law required them to pay employees minimum wage and overtime wages for all of the hours they work.

35. For purposes of notice and other purposes related to this collective action, the names and contact information of FLSA Collective Members are readily available from Defendants' records.

## NEW YORK CLASS ACTION ALLEGATIONS

36. Plaintiff brings the Second Cause of Action, the NYLL claims, pursuant to Rule 23, on behalf of himself and a class of persons consisting of all current and former non-exempt employees employed by Fareportal from the date that is six (6) years prior to the filing of this Class and Collective Action Complaint until the date of final judgment in this matter (the "Class" or "Class Members").

37. Excluded from the Class are Defendants, Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendants; and all persons who will submit timely and otherwise proper requests for exclusion from the Class.

38. The members of the Class are readily ascertainable. The number and identity of the Class Members are determinable from Defendants' payroll and personnel records. The hours assigned and worked, the positions held, and the rates of pay for each Class Member are also determinable from Defendants' records. For the purpose of notice and other purposes related to

this class action, their names and contact information are readily available from Defendants' records. Notice can be provided by means permissible under Rule 23.

39. The potential number of Class Members is so numerous that joinder of all members is impracticable, and the disposition of their claims through this class action will benefit both the parties and the Court. Although the precise number of Class Members is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendants, there is little doubt that there are more than forty (40) members of the Class.

40. Plaintiff's claims are typical of those claims which could be alleged by any Class Member, and the relief sought is typical of the relief which would be sought by each Class Member in separate actions.

41. Plaintiff and Class Members were subject to the same practices of Defendants, as alleged herein, of (i) failing to pay for all hours worked, (ii) failing to pay overtime wages, (iii) failing to provide proper wage notices, and (iv) failing to provide proper wage statements, in violation of the NYLL.

42. Plaintiff and Class Members have all been injured in that they have been uncompensated or under-compensated due to Defendants' common policies, practices and patterns of conduct. Defendants' corporate-wide policies and practices affected all Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class Member.

43. Plaintiff and Class Members have all sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures under the NYLL.

44. Plaintiff is able and willing to fairly and adequately protect the interests of Class Members and have no interests antagonistic to Class Members.

45. Plaintiff is represented by attorneys who are competent, skilled, and experienced in both class action litigation and employment litigation and have previously represented many plaintiffs and classes in wage and hour cases.

46. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendant. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries, and damages suffered by each individual Class Member are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for each Class Member to redress the wrongs done to them.

47. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of judicial and public resources; however, treating the claims as a class action would result in a significant saving of these costs. If appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

48. The prosecution of separate actions by individual Class Members would create a risk of inconsistent and/or varying adjudications with respect to each Class Member, establishing incompatible standards of conduct for Defendants and resulting in the impairment of Class Members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof.

49. Defendants and other employers throughout the state violate the NYLL. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

50. Common questions of law and fact exist as to Class Members that predominate over any questions only affecting Plaintiff and individual Class Members and include, but are not limited to, the following:

   a. Whether Defendants employed Plaintiff and Class Members within the meaning of the NYLL;

   b. Whether Defendants paid Plaintiff and Class Members for all hours worked;

   c. Whether Defendants paid Plaintiff and Class Members all due overtime premiums for hours worked in excess of forty hours each work week;

   d. Whether Defendants failed to furnish Plaintiff and Class Members with proper wage notices, as required by the NYLL; and

   e. Whether Defendants failed to furnish Plaintiff and Class Members with proper wage statements with every payment of wages, as required by the NYLL.

## STATEMENT OF FACTS

51. Plaintiff was employed by Defendants as a "Helpdesk Analyst" from on or around November 1, 2016 until the termination of his employment around October 2018.

52. Throughout his employment with Defendants, Plaintiff's primary duties included responding to phone calls from Fareportal employees experiencing minor technical issues with their work computers. The most common issues Plaintiff would resolve involved employees locked out of their computers, installing antivirus software, and resolving application issues.

53. At no time did Plaintiff's duties include the "highly skilled work of designing or creating computer system programs to meet the businesses' needs – e.g. applying 'systems analysis techniques…to determine…functional specifications,' designing 'computer systems or programs…based on…user design specification,' and creating 'computer programs related to machine operating systems.'" See, 29 U.S.C. § 213(a)(17)(A)-(C). Rather, Plaintiff's duties involved "troubleshooting problems with applications, networks, and hardware," which required a lesser degree of technical know-how and sophistication. See, e.g. U.S. Dep't of Labor, Wage & Hour Div., Opinion Letter, 2006 DOLWH LEXIS 56, 2006 WL 3406603, at *5 (Oct. 26, 2006).

54. Upon being hired, Plaintiff was told that he would be paid a salary of $70,000 per year. However, he was never paid on a salary basis. In reality, throughout his employment he was paid on an hourly basis. Plaintiff's pay would be reduced proportionally if he worked any less than his regularly scheduled hours. Additionally, Plaintiff was told that he would be paid overtime at a rate equal to one and a half times his regular hourly rate for all hours worked in excess of forty per work week.

55. Throughout his employment Plaintiff worked Monday through Friday from 9:00 a.m. to 6:30 p.m. for a total of approximately forty-seven and a half (47.5) hours per week.

56. Plaintiff recorded his hours worked on time sheets that would be submitted to Defendants each week.

57. After the first two months of his employment, Plaintiff noticed on his paystubs that he was not being paid for all hours worked. Specifically, Plaintiff noticed that about five hours were missing from his pay each week, all of which were overtime hours.

58. Plaintiff complained to Fareportal's human resources department, who refused to address the complaint, and told Plaintiff that he is lucky he is getting any overtime at all.

59. Due to the demands of the job, Plaintiff was almost never able to take an uninterrupted meal break lasting longer than 20 minutes. Despite this, Defendants would automatically deduct thirty minutes per day from Plaintiff's pay for a meal break. Plaintiff would specifically tell Defendants that he did not take a meal break, but Defendants would nonetheless deduct time for one.

60. Throughout his employment with Defendants, Plaintiff did not receive any notices of pay rate or pay day from Defendants, as required under the NYLL.

61. Throughout his employment with Defendants, Plaintiff did not receive proper wage statements from Defendants, as required under the NYLL.

62. Based on Plaintiff's observations and conversations with his co-workers at Fareportal, Plaintiff, FLSA Collective Members and Class Members were subject to the same unlawful wage and hour policies.

63. Defendants knowingly and willfully operated their business with a policy of failing to pay all due wages to Plaintiff and Class Members, in violation of the NYLL.

64. Defendants knowingly and willfully operated their business with a policy of failing to pay overtime wages to Plaintiff, FLSA Collective Members and Class Members for all hours worked in excess of forty hours in violation of the FLSA and NYLL.

65. Defendants knowingly and willfully operated their business with a policy of not providing proper wage notices to Plaintiff and Class Members pursuant to the requirements of the NYLL.

66. Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements to Plaintiff and Class Members pursuant to the requirements of the NYLL.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

67. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

68. The minimum wage and overtime provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendants and protect Plaintiff and FLSA Collective Members.

69. Defendants failed to pay Plaintiff and FLSA Collective Members overtime wages for all hours worked in excess of forty (40) per workweek, to which they are entitled under the FLSA.

70. Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Members of their rights under the FLSA.

71. Defendants' unlawful conduct has been willful and intentional. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Members overtime wages for all hours worked when Defendants knew or should have known such was due. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and FLSA Collective Members.

72. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to the FLSA.

73. As a result of Defendants' willful violations of the FLSA, Plaintiff and FLSA Collective Members have suffered damages by being denied overtime wages in accordance with

the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees and costs, interests, and other compensation pursuant to the FLSA.

74. Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Members and the actual compensation paid to Plaintiff and FLSA Collective Members should be in the possession and custody of Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW

75. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

76. At all times relevant, Plaintiff and the Class have been employees of Defendants, and Defendants have been employers of Plaintiff and the Class within the meaning of the NYLL §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

77. Defendants failed to pay Plaintiff and Class Members the overtime wages for hours worked in excess of forty (40) per week, to which they were entitled under the NYLL and the supporting New York State Department of Labor Regulations.

78. Defendants failed to furnish Plaintiff and the Class with proper wage notices as required by NYLL, Article 6, § 195(1), in English or in the language identified by each employee as their primary language, a notice containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, the regular pay day; the name of the employer; any "doing business

as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer.

79. Defendants failed to furnish Plaintiff and the Class with an accurate statement of wages with every payment of wages as required by NYLL, Article 6, § 195(3), listing: dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

80. Defendants failed to keep, make, preserve, maintain, and furnish accurate records of time worked by Plaintiff and the Class as required by the NYLL and the supporting New York State Department of Labor Regulations.

81. Defendants failed to properly disclose or apprise Plaintiff and the Class of their rights under the NYLL and the supporting New York State Department of Labor Regulations.

82. As a result of Defendants' willful violations of the NYLL, Plaintiff and the Class are entitled to recover from Defendants their unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs, interests, and other compensation in accordance with the NYLL.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on behalf of herself, FLSA Collective Members and the Class, respectfully requests that this Court grant the following relief:

a. Issuance of court-authorized notice to similarly situated employees regarding the pendency of a collective action pursuant to the FLSA;

b. Certification of this case as a class action pursuant to Rule 23;

c. Designation of Plaintiff as representative of the Class and counsel of record as Class Counsel;

d. An award of unpaid overtime wages due under the FLSA and NYLL;

e. An award of liquidated damages as a result of Defendants' willful failure to pay overtime pursuant to the FLSA or NYLL;

f. Statutory penalties for Defendants' failure to provide Plaintiff and Class Members with proper wage notices, as required by the NYLL;

g. Statutory penalties for Defendants' failure to provide Plaintiff and Class Members with proper wage statements, as required by the NYLL;

h. Pre-judgment and post-judgment interest;

i. Reasonable attorneys' fees and costs of this action;

j. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and NYLL;

k. An injunction against Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein; and

l. Such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated:  September 4, 2020  　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　**BROWN, KWON & LAM LLP**

　　　　　　　　　　　　　　　　By:　　*/s/ William Brown*

　　　　　　　　　　　　　　　　　　　　William Brown, Esq. (WB 6828)
　　　　　　　　　　　　　　　　　　　　275 7th Avenue, Suite 701
　　　　　　　　　　　　　　　　　　　　New York, NY 10001
　　　　　　　　　　　　　　　　　　　　Tel.: (718) 971-0326
　　　　　　　　　　　　　　　　　　　　Fax: (718) 795-1642
　　　　　　　　　　　　　　　　　　　　wbrown@bkllawyers.com
　　　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiff*

# FLSA CONSENT FORM

I hereby consent to be part of the lawsuit against Fareportal Inc. and Shailesh Jain and any such other Defendants who may be added to the case in the future. I understand that the lawsuit alleges overtime violations under the Fair Labor Standards Act. I hereby give consent to the law firm of Brown Kwon & Lam, LLP to bring this suit on my behalf.

Luis Alcala
First and Last Name (printed)

*/s/ Luis Alcala*
Signature

9/3/2020
Date